# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **MARK RECKER and DEBRA RECKER,** | |
| Plaintiffs, | |
| v. | Case No. 16-2232 |
| **GRIEF PACKAGING L.L.C.**, a Delaware Corporation, | |
| Defendant. | |
| **GRIEF PACKAGING L.L.C.**, a Delaware Corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| **C.H.I. OVERHEAD DOORS, INC.**, an Illinois Corporation, | |
| Third-Party Defendant. | |

## ORDER

Before the Court is Plaintiff's Motion in Limine Number 1 to Exclude Any Evidence that Mark Recker Received Worker's Compensation Benefits for the Incident of July 13, 2015. (d/e 89-2). Plaintiff argues that the existence of worker's compensation benefits is irrelevant to the question that will be before the jury. Plaintiff further argues that the probative value of evidence of these benefits is substantially outweighed by the danger of unfair prejudice to Plaintiff.

Defendant filed a response in which it contends that it must elicit information about worker's compensation benefits during David Fletcher's testimony. Dr. Fletcher treated Plaintiff and authored a life-care plan that Plaintiffs intend to use at

trial. In particular, Defendant says it cannot fairly cross-examine Dr. Fletcher without referencing a parallel worker's compensation case, which was recently settled.

The Court has reviewed Dr. Fletcher's deposition testimony from August 22, 2018. There is no doubt that Dr. Fletcher references the worker's compensation case many times. Nevertheless, counsel for Defendant summarized the irrelevance of the worker's compensation case perfectly in one of his questions, asking "So it doesn't matter that you created this in a worker's comp case. Shouldn't your reports be just as valid regardless of the origination?" Dr. Fletcher confirmed this by standing "behind his report." *See Fletcher Deposition*, August 22, 2018, p.32, ln.18.

The existence of Plaintiff's parallel worker's compensation case is irrelevant to the issues before the jury in this case. It has no tendency to make any fact more or less probable than it would be without the evidence. It also does very little to explain Dr. Fletcher's report, and adds little if no probative value to Defendant's cross-examination of Dr. Fletcher. Regardless, any probative value of such evidence would be greatly outweighed by the unfair prejudice that might come from its admission.

Accordingly, Plaintiff's Motion in Limine Number 1 is Granted.

- Both parties shall make every effort to avoid referencing Plaintiff's worker's compensation case or the existence and payment of any benefits from worker's compensation insurance coverage.
- Counsel for Plaintiff is directed that he should advise Dr. Fletcher, prior to his testimony, to avoid referencing the worker's compensation case, although he may reference Plaintiff's other attorney as the person who retained him for the life plan and gave him the directions that led to the report.
- Defendant may question Dr. Fletcher about the origins of his cost estimates (the Illinois worker's Compensation Medical Fee Schedule) associated with the future medical costs.
- Defendant may question Dr. Fletcher about whether he was retained by an attorney for Plaintiff to prepare the report. It is unnecessary for this line of questioning to specify that this lawyer handled Plaintiff's worker's compensation claim.

- Defendant may question Dr. Fletcher about whether he considered Plaintiff's comorbidities and their effect on life-expectancy. Again, this line of questioning does not require any reference to Plaintiff's worker's compensation claim.

ENTERED this 18th day of January, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
